| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| CHRISTOPHER WHIDDON, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | CIVIL ACTION 1:09-CV-460 |
| CHASE HOME FINANCE, LLC, f/k/a Bank One, N.A., and BLAKE BOREL INSURANCE, | | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Chase Home Finance, LLC's ("Chase") Motion to Dismiss for Failure to State a Claim, and in the Alternative, Motion for More Definite Statement (#4). Chase seeks dismissal of Plaintiff Christopher Whiddon's ("Whiddon") action for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Chase moves the court to order Whiddon to file a more definite statement of his action pursuant to Federal Rule of Civil Procedure 12(e). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that the motion should be granted in part.

I. Background

On May 18, 2009, Whiddon filed his original petition in the 58th Judicial District Court of Jefferson County, Texas, asserting claims against Chase for violations of the Texas Deceptive Trade Practices Act ("DTPA"), common law fraud, negligence, and breach of contract. In his petition, Whiddon claims that in May 2004, he purchased a home in Groves, Texas, and financed the purchase through Chase. At closing, Whiddon purchased fire and windstorm insurance for

the home through Defendant Blake Borel Insurance, which was not renewed in December 2004. Whiddon alleges that Chase was notified of the non-renewal and, afterward, represented that it would obtain insurance for the home and that the insurance payments would be escrowed. On September 23, 2005, Hurricane Rita made landfall near the coast of southeast Texas, purportedly causing over $80,000.00 in damages to Whiddon's home. When Whiddon attempted to make a claim for insurance benefits for the damage, he learned there was no insurance coverage on the home. Whiddon contends that Chase represented that it would obtain and/or provide fire and windstorm insurance for the home, that Whiddon reasonably relied on these representations, and that Chase failed to provide such insurance, causing Whiddon to suffer damages. Whiddon seeks damages for the costs to repair the home, loss of use of the home, the cost of additional insurance, and mental anguish.

On June 12, 2009, Chase removed the case to federal court on the basis of diversity of citizenship. On June 17, 2009, Chase filed the instant motion to dismiss the case, contending that Whiddon failed to allege sufficient facts to state a claim and, in any event, Whiddon's claims are barred by the applicable statutes of limitation. Alternatively, Chase argues that the pleadings are so vague that Chase cannot reasonably respond and, thus, Whiddon should be required to file a more definite statement of his claims.[1]

---

[1] In his response, Whiddon asserts, without any authority, that Chase's motion amounts to a motion for summary judgment under Federal Rule of Civil Procedure 56 and requests additional time and discovery to respond properly. The court disagrees. In Chase's motion to dismiss and Whiddon's response, neither of the parties rely on materials outside of the pleadings that appear necessary for resolution of the motion. Thus, under Rule 12(b)(6), it is not appropriate to treat the motion as one for summary judgment subject to the provisions of Rule 56.

II.  Analysis

   A.  Dismissal for Failure to State a Claim under Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). It is not a procedure for resolving contests about the facts or the merits of a case. *See* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1356, at 294 (1990). In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008); *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004); *Ramming*, 281 F.3d at 161; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "the plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming*, 281 F.3d at 161 (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). Furthermore, "a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983); *accord La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte*, 805 F.2d 1254, 1255 (5th Cir. 1986). Thus, a plaintiff's noncompliance with the applicable statute of limitations "'may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *Davis v. Dallas County*, 541 F. Supp. 2d 844, 856 (N.D. Tex. 2008) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004)); *see Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003). "Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *In re Dynegy, Inc. Secs. Litig.*, 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004).

"'A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted."'" *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (quoting *Collins*, 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1050)); *accord Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). "'The question therefore is whether in the

4

light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Collins*, 224 F.3d at 498 (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, *supra*, § 1357, at 332-36); *accord Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "In other words, a motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.'" *Ramming*, 281 F.3d at 161-62 (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)).

In *Twombly*, the Supreme Court clarified the standard to be applied by courts when addressing a Rule 12(b)(6) motion. 550 U.S. at 553-62. The Court noted that a Rule 12(b)(6) motion to dismiss must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, holding that a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).

In *Ashcroft v. Iqbal*, the Supreme Court elaborated on the two principles underlying its decision in *Twombly*. ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). First, under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,'" but more than "an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1950 (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557).

Second, the Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *accord Securities & Exch. Comm'n v. Cuban*, ___ F. Supp. 2d ___, ___, No. 3:08-CV-2050-D, 2009 WL 2096166, at *2 (N.D. Tex. June 17, 2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Based on these two principles, the *Iqbal* Court set forth a framework for considering motions to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Id.* at 1950.

    B.    <u>Statute of Limitations</u>

Chase contends that Whiddon failed to state viable DTPA, fraud, negligence, and breach of contract claims because his petition demonstrates that he failed to assert these claims within the applicable limitation periods. Specifically, Chase maintains that Texas law prescribes a two-year statute of limitations for DTPA and negligence claims and a four-year statute of limitations for fraud and breach of contract claims. Chase argues that Whiddon's claims accrued in or

around December 2004—the time when Chase allegedly represented that it would procure insurance on Whiddon's home but failed to do so. Chase contends that because Whiddon filed his petition in May 2009—almost five years after the claims accrued—all of his claims are time-barred.

In a diversity case, such as this, in which the causes of action arise under Texas law, federal courts apply Texas statutes of limitation, along with any accompanying rules regarding accrual and tolling. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750-53 (1980)), *cert. denied*, 522 U.S. 817 (1997); *see Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir. 2001). It is the defendant's burden to establish the affirmative defense of limitations, including the accrual date of the plaintiff's claims. *Continental Cas. Co. v. Dr. Pepper Bottling Co.*, 416 F. Supp. 2d 497, 506 (N.D. Tex. 2006) (citing *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 211 (Tex. 1999); *Intermedics, Inc. v. Grady*, 683 S.W.2d 842, 845 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e)). Generally, in Texas, "a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)); *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998); *Environmental Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 622 (Tex. App.—Houston [14th Dist.] 2009, pet. filed) (citing *Provident Life & Accident Ins. Co.*, 128 S.W.2d at 221); *accord Kanon v. Methodist Hosp.*, 9 S.W.3d 365, 368 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Limitations usually commence at the time of the tortious behavior—when the wrongful act occurs resulting in damage to the plaintiff. *See Bradley v.*

*Phillips Petroleum Co.*, 527 F. Supp. 2d 661, 688 (S.D. Tex. 2007) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)), *aff'd sub nom. Bradley v. Phillips Chem. Co.*, No. 08-20052, 2009 WL 1870936 (5th Cir. June 30, 2009); *accord Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 169 (5th Cir.), *cert. denied*, 519 U.S. 930 (1996).

The discovery rule represents an exception to the general rule of accrual of a cause of action for limitations purposes. *See Pirtle v. Kahn*, 177 S.W.3d 567, 571 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *Childs*, 974 S.W.2d at 36-37). The discovery rule operates to toll the running of the period of limitations until such time as the plaintiff discovers, or through the exercise of reasonable care and diligence should have discovered, facts indicating that he has been injured. *See TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008) (citing *HECI Exploration Co. v. Neel*, 982 S.W.2d 453, 455 (Tex. 1996)); *Colonial Penn Ins. v. Market Planners Ins. Agency*, 157 F.3d 1032, 1034 (5th Cir. 1998); *Allgood*, 80 F.3d at 169 (citing *Nelson v. Krusen*, 678 S.W.2d 918, 920, 923 (Tex. 1984)); *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). Generally, the application of the discovery rule is limited to situations where the nature of the injury is "inherently undiscoverable" and "objectively verifiable." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (quoting *Computer Assocs. Int'l, Inc.*, 918 S.W.2d at 456); *Wagner & Brown, Ltd.*, 58 S.W.3d at 735; *see Colonial Penn Ins.*, 157 F.3d at 1035; *Childs*, 974 S.W.2d at 36; *S.V.*, 933 S.W.2d at 4-5. "Inherently undiscoverable" refers to an injury that "is unlikely to be discovered within the prescribed limitations period despite the exercise of due dilligence." *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 227-28 (Tex. App.—Houston [14th Dist.] 2008, no pet. h.) (emphasis omitted) (citing *Wagner & Brown,*

*Ltd.*, 58 S.W.3d, 734-35); *see Computer Assocs. Int'l, Inc.*, 918 S.W.2d at 456. "The rule delays the statute of limitations only until the claimant knows or should know the facts that could support a cause of action, not until she realizes that the facts do support a cause of action." *Colonial Penn Ins.*, 157 F.3d at 1034. "'It does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action.'" *Id.* (quoting *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. App.—San Antonio 1985, writ dism'd by agr.)); *Reynolds v. Guido*, 166 S.W.3d 789, 793 (Tex. App.—Dallas 2005, pet. denied). When asserting a limitations defense at the pleading stage, the defendant's burden to establish the accrual date includes negating the applicability of the discovery rule. *Doe v. Linam*, 225 F. Supp. 2d 731, 735 (S.D. Tex. 2002) (citing *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n.2 (Tex. 1988)).

Here, Whiddon asserts DTPA, fraud, negligence, and breach of contract claims against Chase. The Texas statute of limitations for DTPA and negligence claims is two years. *See* TEX. BUS. & COM. CODE ANN. § 17.565 (Vernon 2002) (DTPA); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2002) (negligence); *Massie v. Hartford Life & Accident Co.*, No. H-09-2264, 2009 WL 2982801, at *1 (S.D. Tex. Sept. 11, 2009) (citing *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999) (recognizing a two-year statute of limitations for DTPA claims under Texas law); *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 360 n.13 (5th Cir. 2005) (holding that a two-year statute of limitations applies to negligence claims under Texas law); *Texas Soil Recycling, Inc.*, 273 F.3d at 649 (recognizing a two-year statute of limitations for DTPA and negligence claims under Texas law). The Texas statute of limitations for fraud and breach of contract claims is four years. *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (Vernon 2002) (fraud); TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 2008) (breach of contract); *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008) (recognizing a four-year statute of limitation for fraud claims); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (noting a four-year statute of limitation for breach of contract claims). All of Whiddon's claims are based on the assertion that Chase failed to obtain insurance for his home as it had represented. Assuming that the discovery rule applies, it is evident from Whiddon's petition that his claims accrued, at the latest, on or about September 23, 2005—the date that he filed a claim for benefits and learned that he had no insurance. Whiddon did not file his original petition until May 18, 2009, over three years later. Even assuming Whiddon has alleged sufficient facts to state DTPA and negligence claims, his petition was not filed within the applicable limitations period and, thus, these claims are time-barred. Accordingly, the court finds that Whiddon's DTPA and negligence claims must be dismissed under Rule 12(b)(6).

By contrast, assuming Whiddon has alleged sufficient facts to state fraud and breach of contract claims, he is not necessarily time-barred as to these claims because he arguably filed his petition within four years of the claims' accrual. Although Chase contends that these claims accrued in December 2004, Chase does not demonstrate, as is its burden, that the discovery rule is inapplicable to Whiddon's claims or, if applicable, that Whiddon knew or reasonably should have known of his claims prior to September 23, 2005. Thus, accepting all well-pleaded facts as true, the court cannot say that Whiddon failed to file his petition within the four-year limitations period. *See USPPS, LTD. v. Avery Dennison Corp.*, 326 F. App'x 842, 850 (5th Cir. 2009); *West Fork Partners, L.P. v. Chesapeake Exploration, L.L.C.*, No. 3:09-CV-0370-D, 2009

WL 2252505, at *5 (N.D. Tex. July 29, 2009); *see also Askanase v. Fatjo*, 828 F. Supp. 465, 469 (S.D. Tex. 1993) ("Where the issue of limitations requires a determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law."). Accordingly, the court is unable to conclude that Whiddon's fraud and breach of contract claims are barred on limitations grounds under Rule 12(b)(6).

C. Sufficiency of Factual Allegations

Chase further contends that Whiddon's petition fails to allege sufficient facts to state claims for fraud and breach of contract. Specifically, Chase maintains that the sole factual allegation Whiddon has propounded to support his claims is that he "relied upon Defendant, Chase to place coverage based upon representations that it would be done." Chase argues that these allegations are insufficient to state fraud and breach of contract claims that are plausible on their face. Furthermore, Chase asserts that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to Whiddon's fraud claims and that Whiddon's factual allegations are insufficient to meet these requirements.

1. Fraud Claim

Rule 9(b) of the Federal Rules of Civil Procedure provides that in order to state a claim for fraud in federal court, the plaintiff must state with particularity the circumstances constituting the fraud. *See* FED. R. CIV. P. 9(b); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,

319 (2007); *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005); *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003). Specifically, Rule 9(b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

FED. R. CIV. P. 9(b); *see Tellabs, Inc.*, 551 U.S. at 319; *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 779 n.7 (5th Cir. 2007). Therefore, instead of the "short and plain statement of the claim" required by Rule 8(a) of the Federal Rules of Civil Procedure, Rule 9(b) imposes a heightened standard of pleading for averments of fraud. *See* FED. R. CIV. P. 8(a), 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009); *Dorsey*, 540 F.3d at 338-39; *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002).

The United States Court of Appeals for the Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)); *accord Dorsey*, 540 F.3d at 339; *Central Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007); *Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). The particularity demanded by Rule 9(b), however, necessarily differs with the facts of each case. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (citing *Guidry*, 954 F.2d at 288). At a minimum, "Rule 9(b) requires that a plaintiff

12

set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *WMX Techs., Inc.*, 112 F.3d at 179); *accord Dorsey*, 540 F.3d at 339; *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006); *Southland Secs. Corp.*, 365 F.3d at 363. "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000); *accord WMX Techs., Inc.*, 112 F.3d at 178 (citing *Tuchman*, 14 F.3d at 1067). "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968); *see Nathenson v. Zonagen Inc.*, 267 F.3d 400, 419-20 (5th Cir. 2001).

Moreover, these elements must be pleaded "'*before* access to the discovery process is granted.'" *Tchuruk*, 291 F.3d at 349 (quoting *WMX Techs., Inc.*, 112 F.3d at 178) (emphasis in original); *accord Hart*, 199 F.3d at 248 n.6. Rule 9(b) does not permit a party to make conclusory allegations and then, through the discovery process, gain more specific information and amend his pleadings to satisfy the particularity requirement. *See Tchuruk*, 291 F.3d at 349; *WMX Techs., Inc.*, 112 F.3d at 178; *United States ex rel. Wilkins v. North Am. Constr. Corp.*, 173 F. Supp. 2d 601, 614 (S.D. Tex. 2001). If a complaint fails to meet the pleading requirements of Rule 9(b), it must be dismissed. *See United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003); *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. Tex. 2002); *Tchuruk*, 291 F.3d at 350.

Rule 9(b), however, "relaxes the particularity requirement for conditions of the mind, such as scienter . . . ." *Tuchman*, 14 F.3d at 1068. "Malice, intent, knowledge, and other

13

conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "Although Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). "The plaintiffs must set forth *specific facts* supporting an inference of fraud." *Id.* (emphasis in original).

In the instant case, Chase challenges the sufficiency of Whiddon's pleadings, arguing that the fraud claim does not meet the Rule 9(b) requirements. The court agrees. Here, the only factual allegations Whiddon asserts in support of his fraud claim are that "Plaintiff relied upon Defendant, Chase to place coverage based upon representations that it would be done, and the payments be escrowed," and that "in reliance upon the representations made by Defendant, Chase [Whiddon] believed that his home was covered." Whiddon does not identify the individuals who made the alleged misrepresentations, when the misrepresentations were made, or the specific content of the misrepresentations as required by Rule 9(b). Furthermore, Whiddon fails to allege any facts that would support an inference of fraudulent intent required under Texas law. *See Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d at 212 (5th Cir. 2009) (stating elements for common law fraud under Texas law). Instead, Whiddon merely states that Chase "made material false representations with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by the plaintiff." Courts have held that such general averments of the scienter requirement are insufficient under Rule 9(b). *See Mae v. U.S. Prop. Solutions, L.L.C.*, No. H-08-3588, 2009 WL 1968330, at *5 (S.D. Tex. July 6, 2009). Therefore, the court finds that Whiddon's allegations do not satisfy the heightened pleading requirements of Rule 9(b) and his claim for fraud fails under Rule 12(b)(6).

### 2. Breach of Contract Claim

Although the heightened pleading requirements of Rule 9(b) do not apply to Whiddon's breach of contract claim, the court nevertheless finds that Whiddon has failed to plead sufficient facts to state a claim that is plausible on its face as required by Rule 8(a) of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 570. The only factual allegations Whiddon asserts in support of his breach of contract claim are that "Plaintiff relied upon Defendant, Chase to place coverage based upon representations that it would be done, and the payments be escrowed," and that "in reliance upon the representations made by Defendant, Chase [Whiddon] believed that his home was covered." Whiddon never alludes to the formation of any contract between Whiddon and Chase for the procurement of insurance coverage nor do the facts stated in his petition suggest that any of the elements required to create a binding contract are present. Furthermore, Whiddon's conclusory statement that "the actions and/or omissions of Defendants described herein above constitute a breach of contract" does not suffice to meet the pleading requirements of Rule 8(a). *See Lehman Bros. Holdings, Inc. v. Cornerstone Mortgage Co.*, No. H-09-0672, 2009 WL 2900740, at *5 (S.D. Tex. Aug. 31, 2009) (holding that the defendant's counterclaim stating that "Plaintiff breached the contract" failed to meet Rule 8(a) standards). Thus, the court finds that Whiddon has failed to allege sufficient facts to raise a right to relief for breach of contract above the speculative level. *See id.* ("This bare-bones allegation neither provides fair notice of the claim nor of the grounds on which it rests."); *see also Flynn v. CIT Group*, 294 F. App'x 152, 154 (5th Cir. 2008). Accordingly, Whiddon fails to state a claim for breach of contract under Rule 12(b)(6).

D. Opportunity to Amend

Generally, however, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *See Hart*, 199 F.3d at 248 n.6 (plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling); *accord Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003); *O'Brien v. National Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991).

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).

Where, however, a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Neitzke*, 490 U.S. at 327-28; *Hart*, 199 F.3d at 248 n.6. Moreover, when the plaintiff declares the sufficiency of his pleadings and makes no attempt to amend his complaint in response to the defendant's challenge pursuant to Rule 12(b)(6), dismissal is proper when the plaintiff's allegations fail to state a claim for which relief can be granted. *See Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997). In addition, a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so. *See Wilkins*, 173 F. Supp. 2d at 614; *accord United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F. 3d 398, 404 (5th Cir. 2004) (noting that "pleading review is not a game where the plaintiff is

16

permitted to file serial amendments until he finally gets it right"); *Willard*, 336 F.3d at 387 (holding leave to amend was properly denied where the relator had previously filed two amended complaints). Furthermore, "where a proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend." *SB Int'l, Inc. v. Jindal*, No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

"'Whether leave to amend should be granted is entrusted to the sound discretion of the district court.'" *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044 (2002) (quoting *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). "Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Id.* (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983)).

Here, it is clear on the face of Whiddon's petition that his DTPA and negligence claims are barred by the applicable statutes of limitation and allowing Whiddon to amend these claims would be a futile act. Hence, these claims must be dismissed. The court is unable to conclude, however, that Whiddon's fraud and breach of contract claims are similarly barred. In addition, it does not appear that Whiddon's fraud and breach of contract claims are patently frivolous or that an amendment could not cure their defects. Therefore, Whiddon is directed to replead the claims with the requisite particularity as required by Rule 9(b) and 12(b)(6) within thirty days of this order. If Whiddon fails to replead adequately, Chase may reurge its motion to dismiss as to these claims.

III.     Conclusion

The court finds that Whiddon's claims against Chase for violations of the DTPA and negligence are barred by the applicable statutes of limitation.  Therefore, Chase's motion to dismiss is GRANTED as to these claims.  The court also finds that Whiddon has failed to allege sufficient facts in his petition to state claims against Chase for common law fraud and breach of contract; however, because it appears that an amendment could cure the defects in Whiddon's petition, Chase's motion to dismiss these claims is DENIED.  Whiddon shall file an amended complaint repleading his claims for fraud and breach of contract with the requisite particularity no later than thirty days from the date of this order.

SIGNED at Beaumont, Texas, this 14th day of October, 2009.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE